UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SERVICECORP, INC.,

       Plaintiff,

  v.

CASCADES, INC.,

       Defendant.

**DECISION
and
ORDER**

**04-CV-874A(F)**

---

APPEARANCES:  PHILIPS LYTLE LLP
          Attorneys for Plaintiff
          MICHAEL R. LAW, of Counsel
          1400 First Federal Plaza
          Rochester, New York  14614

          TORYS LLP
          Attorneys for Defendant
          DAVID WAWRO, of Counsel
          237 Park Avenue
          20th Floor
          New York, New York  10017-3142

## **JURISDICTION**

This action was referred to the undersigned by Honorable Richard J. Arcara on December 8, 2004, for all pretrial matters. The matter is presently before the court on Plaintiff's motion to remand the action to New York Supreme Court, filed November 10, 2004 (Doc. No. 4).[1]

---

[1] The undersigned considers a matter of remand as not dispositive as it resolves only the question of whether there is a proper basis for federal jurisdiction to support removal and does not reach a determination of either the merits of a plaintiff's claims or defendant's defenses or counterclaims. Following the decision on remand, the parties may prosecute such claims or defenses, including related dispositive motions, if any, in whichever court the decision may direct the action to proceed. *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866 (W.D.N.Y. 1991); *Acme Electric Corp. v. Sigma Instruments. Inc.*, 121 F.R.D. 26 (W.D.N.Y. 1988). Should, however, the District Judge disagree, *see, e.g., In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) (holding motion to remand action to state court was dispositive as such motion conclusively determines whether a federal forum is available to address the dispute), then the undersigned's finding regarding the motion to remand should be treated as a

**BACKGROUND and FACTS**[2]

Plaintiff ServiceCorp, Inc. ("Plaintiff"), a New York corporation with its principal place of business in Niagara County, New York, commenced this contract action against Defendant Cascades, Inc. ("Defendant"), a Canadian corporation with its principal place of business in Quebec, Canada, in New York Supreme Court, Niagara County, on October 4, 2004.  On October 23, 2004, Defendant removed the action to this court, asserting complete diversity of the parties as the basis for federal jurisdiction.  Notice of Removal (Doc. No. 1) ("Removal Notice"), ¶ 2.

On November 10, 2004, Plaintiff filed the instant motion to remand the matter to New York Supreme Court, Niagara County (Doc. No. 4) ("Remand Motion"), and requested an award of the costs and expenses, including attorney's fees, incurred as a result of the removal.  Attached in support of the Remand Motion are the Affidavit of Michael R. Law, Esq., ("Law Affidavit"), the Affidavit of ServiceCorp, Inc. President Raymond R. O'Keefe ("O'Keefe Affidavit") with exhibits, and a Memorandum of Law in Support of Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 1447 ("Plaintiff's Memorandum").

Defendant, on January 7, 2005, filed Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Doc. No. 11) ("Defendant's Memorandum").  On January 18, 2005, Plaintiff filed in further support of remand the Reply Affidavit of

---

recommendation.

[2] Taken from the pleadings and motion papers filed in this action.

ServiceCorp, Inc. President Raymond T. O'Keefe (Doc. No. 13) ("O'Keefe Reply Affidavit"), and Plaintiff's Memorandum of Law in Further Support of Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 1447 (Doc. No. 14) ("Plaintiff's Reply Memorandum"). Oral argument was deemed unnecessary.

Based on the following, the motion to remand is DENIED.

## **DISCUSSION**

Removal of a state court proceeding to federal court is provided for under 28 U.S.C. § 1441(a) which states in pertinent part:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Because federal courts are courts of limited jurisdiction, and as removal of a case raises issues of federalism, removal statutes are narrowly construed and doubts are resolved against removal. *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991). The removal statute is construed according to federal law. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941); *Somlyo, supra*, at 1047.

Whether an action is removable based on diversity jurisdiction is determined based on the pleadings as originally filed. *Crucible Materials Corporation v. Coltec Industries, Inc.*, 986 F.Supp. 130 131-32 (N.D.N.Y. 1997). Accordingly, 28 U.S.C. § 1441(a) permits removal of only those actions which originally could have been filed in federal district court. Further, it is the removing party's burden to demonstrate the

existence of federal jurisdiction. *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper . . ..").

In the instant case, Defendant removed the matter to this court on the basis of complete diversity under 28 U.S.C. § 1332(a)(2), given that Plaintiff is a New York citizen, whereas Defendant is a Canadian citizen, and the amount in controversy exceeds $ 75,000, the statutory minimum for diversity jurisdiction. Removal Notice ¶¶ 2-7. See 28 U.S.C. § 1332(a)(2). Plaintiff does not dispute that the citizenship of Plaintiff and Defendant is completely diverse, nor that the amount in controversy exceeds $ 75,000; rather, Plaintiff maintains that the contract's forum selection clause requires the instant action be litigated in New York Supreme Court, Niagara County and Defendant, by executing the contract, waived its right to remove the action to federal district court.[3]  Plaintiff's Memorandum, *passim*; Law Affidavit ¶ 4; O'Keefe Affidavit ¶¶ 7-9.

As relevant, the forum selection clause at issue states:

[t]his Agreement has been delivered to [Plaintiff] in Youngstown, New York and shall be governed by the laws of the State of New York in all respects, including all matters of construction, validity, and performance of this Agreement.  Any disputes relating to or arising from this Agreement shall be filed in **the court of competent jurisdiction in Niagara County, New York**.  The prevailing party shall be entitled to recover all reasonable costs and attorney's fees arising from any such dispute.

Contract, Article 8.A (emphasis added).

---

[3] A copy of the contract is attached as an exhibit, and incorporated by reference, to the Complaint.

According to Plaintiff, the forum selection clause language requiring disputes arising from the contract "be filed in **the** court of competent jurisdiction **in Niagara County, New York**," Plaintiff's Memorandum at 1 (bolding in original), establishes that the instant action may only be filed in New York Supreme Court, Niagara County, as that is the only court for which the courthouse is physically located in Niagara County and which would also have jurisdiction over both the parties and the amount in dispute. Plaintiff's Memorandum at 1-2 and 4.  Plaintiff further contends that two letters exchanged between the parties while negotiating the contract establish that "[t]he clear intention of the parties with respect to [the forum selection clause] was that any dispute would be litigated in Niagara County."  Plaintiff's Memorandum at 4.  *See* O'Keefe Affidavit ¶¶ 8-10 (explaining that because the forum selection clause "clearly indicates the agreement and intent of the parties [ ] to have any dispute litigated in the New York Supreme Court in Niagara County," and referencing letters exchanged between the parties on March 1, 1999 (O'Keefe Affidavit Exhibit 2) and March 5, 1999 (O'Keefe Affidavit Exhibit 3) to demonstrate the importance of the forum selection clause to Plaintiff, which is a much smaller company than Defendant).

Defendant does not dispute the forum selection clause's validity but, rather, maintains the clause "does not specify an exclusive venue in which all disputes must be resolved, not does it preclude [Defendant] from removing the action to this court." Defendant's Memorandum at 1.  Defendant further argues that although no federal courthouse is physically located within Niagara County, the district court for the Western District of New York is a court of competent jurisdiction within the meaning of the forum selection clause because the Western District of New York encompasses Niagara

County.  Defendant's Memorandum at 2.  Alternatively, Defendant maintains that the forum selection clause is ambiguous and, as such, must be construed against Plaintiff, the party responsible for its inclusion, and consistent with the parties' intent, which was to exclude a Canadian court as the forum for resolving any contract dispute.  Defendant's Memorandum at 4-5.

Plaintiff, in further support of remand, characterizes Defendant's interpretation of the forum selection clause as "strained" and contrary to the parties' intent.  Plaintiff's Reply Memorandum at 2.  Alternatively, Plaintiff maintains even if the forum selection clause is ambiguous, the clause was negotiated at arms-length by both parties and, as such, need not be construed against Plaintiff.  Plaintiff's Reply at 3-4.  Plaintiff further maintains that although venue, for purposes of federal court, is stated in terms of a "judicial district," 28 U.S.C. § 1391, the forum selection clause at issue refers only to a specific county, rather that to a specific judicial district.  Plaintiff's Reply at 4-5.

Federal courts will enforce a forum selection clause absent a showing that the clause resulted from fraud or overreaching.  *See Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1990).  In the instant case, Defendant, while not asserting that the forum selection clause was obtained through fraud or overreaching, maintains that as the instant court is both a court of competent jurisdiction with regard to the dispute which encompasses Niagara County, New York, removal of the action to this court does not violate the forum selection clause.

Initially, the court notes that forum selection clauses specifying that an action be commenced in a particular forum have been held to prevent the removal of such action to another (federal) forum as, although the clause may not literally preclude removal,

permitting removal in such circumstances would render the forum selection clause senseless. *See, e.g., Karl Koch Erecting Co., Inc. v. New York Convention Center Development Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) (forum selection clause providing that "[n]o action or proceeding shall be commenced by [plaintiff] against [defendant] except in the Supreme Court of the State of New York," precluded removal to federal court). Accordingly, the remaining question is whether the forum selection clause contained in the underlying contract, referring to "the court of competent jurisdiction in Niagara County, New York," sufficiently specifies New York Supreme Court, Niagara County, *i.e.*, the only court for which the courthouse is physically located in Niagara County, so as to preclude removal of the instant action to this court.

The forum selection clause at issue in *Koch, supra*, specified a particular venue, in contrast to the instant case where the forum selection clause does not specify venue but, rather, only jurisdiction. Significantly, the Second Circuit has "long observed that parties have no power by private contract to oust a federal court of jurisdiction otherwise obtaining." *New Moon Shipping Company, Ltd. v. Man B & W Diesel AG*, 121 F.3d 24, 28 (2d Cir. 1997) (citing cases). Further, "[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors Inc.*, 22 F.3d 51, 52-53 (2d Cir. 1994) (citing cases). Where, however, "mandatory venue language is employed, the clause will be enforced." *John Boutari and Son*, *supra*, at 53 (citing cases). To be enforceable, the choice of forum must also be mandatory, rather than permissive, and where use of the word "shall," although a mandatory term, particularizes only that a

7

certain court has jurisdiction, it does not divest another court of jurisdiction. *Id*. at 53 (holding that word "shall" in forum selection clause stating "[a]ny dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts, specifically, of the Thessaloniki Courts," mandated "nothing more" than that the Greek courts have jurisdiction). In other words, exclusive jurisdiction is not "conferred by a contract term specifying which courts 'shall have jurisdiction' in the event of a dispute." *Id*. The question in the instant case thus is whether the forum selection clause specifying that any disputes arising under the contract "shall be filed in the court of competent jurisdiction in Niagara County, New York," restricts venue to New York Supreme Court, Niagara County, given that such court is the only court for which the courthouse is physically located in Niagara County and in which there exists subject matter jurisdiction, and excludes federal district court, having jurisdiction within Niagara County, as a venue choice.

Forum selection clauses employing similar language have been held insufficient to restrict venue to a particular court based solely on the physical location of the courthouse. For example, in *Carrano v. Harborside Healthcare Corporation*, 199 F.R.D. 459 (D.Conn. 2001), the court held that a forum selection clause providing litigation would be brought "in Pinellas County, Florida" without reference to a particular court, was ambiguous as to whether legal action was required to be brought in state court, for which the courthouse was physically located in Pinellas County, or also permitted filing in federal district court located in the judicial district encompassing Pinellas County. *Carrano*, *supra*, at 462. The court concluded that the clause was, at best, ambiguous and construed the clause against the party responsible for drafting it. *Id*.

In the instant case, the forum selection clause is also ambiguous, given that the phrase "the court of competent jurisdiction in Niagara County, New York" can pertain either to New York Supreme Court, Niagara County, or this court.  As such, the language is ambiguous and would be construed against the party responsible for drafting it, but for the fact that the identity of such drafting party is unclear.  Nevertheless, the Second Circuit has held that where a forum selection clause is ambiguous, the court must consider the intent of the parties.  *New Moon Shipping Co., Ltd.*, *supra*, at 462.  Here, evidence submitted in support of the parties' intent establishes that venue in this court is permitted.

In particular, Plaintiff relies in support of its assertion, Plaintiff's Reply Memorandum at 2-3; O'Keefe Affidavit ¶¶ 8-10, that the parties' intent was to restrict venue to New York Supreme Court, Niagara County, on two letters exchanged between the parties on March 1, 1999 (Letter from ServiceCorp President O'Keefe to Nathalie Rocray ("Rocray"), Legal Counsel to Cascades, Inc., attached as Exhibit 2 to O'Keefe Affidavit") ("March 1, 1999 Letter"), and March 5, 1999 (Letter from Rocray to O'Keefe, attached as Exhibit 3 to O'Keefe Affidavit) ("March 5, 1999 Letter").  In the March 1, 1999 Letter, O'Keefe states with regard to the forum selection clause,

> [a]lthough we understand that the standard policy is for [Defendant] to have contracts governed by Quebec law, we wish to keep this Article in place as stated for two reasons: First, [Plaintiff] is a small company, and we would not be able to afford the extreme expense involved in traveling to Quebec in order to settle any unforeseen dispute.  Secondly: As a small U.S. company, [Plaintiff] would be at an unfair disadvantage in dealing with a large, highly respected, Canadian company (12,000) employees in a Canadian court.

March 1, 1999 Letter at 1-2.

Rocray replied, that "[v]erification shall be done to keep the laws of the State of New

York." March 5, 1999 Letter at 2.

A plain reading of these two letters establishes only that, in the event of a dispute, Plaintiff wished to avoid having to travel to Quebec because of the costs involved with such travel, and that Plaintiff also desired that any dispute be resolved in accordance with New York law. Permitting the removal of the instant action to this court, however, does not interfere with either of Plaintiff's wishes. Specifically, the costs of traveling from Youngstown, New York to the federal district courthouse located in downtown Buffalo, New York, a distance of 33 miles, is not appreciably more than the costs of traveling from Youngstown, New York to Lockport, New York, the Niagara County seat, a distance of 21 miles.[4]  Furthermore, the forum selection clause also contains a choice of law provision requiring application of New York substantive law in any dispute arising under the contract, regardless of whether the legal action is litigated in New York Supreme Court or federal district court. Significantly, Defendant does not argue against resolving the contract dispute according to any law other than New York and does not dispute that under the *Erie* doctrine, this court will be required to apply New York law. Accordingly, the removal of the instant action will not interfere with the intent of the parties, *i.e.*, that Plaintiff not incur expensive travel costs in connection with the litigation of a dispute arising under the contract, and that any such dispute be resolved under New York law.

Had Plaintiff believed it was essential to its interests that disputes under the contract be litigated only in New York Supreme Court and not this court, it should have

---

[4] The court takes judicial notice that New York Supreme Court also conducts proceedings in Niagara Falls, New York, a distance of 15 miles from Youngstown.

insisted that such language be included in the forum selection clause.  It is irrelevant that Plaintiff could not, or failed to, obtain more explicit language in the forum selection - choice of law clause limiting any litigation to New York Supreme Court, Niagara County.

On this basis, the court finds that the forum selection clause does not restrict litigation under the contract solely to New York Supreme Court, Niagara County but, rather, also permits removal to the instant court.  Plaintiff's motion to remand is, therefore, DENIED.

Finally, the court does not reach Plaintiff's request for an award of the costs, including attorney's fees, incurred in connection with the motion to remand as such motion is being denied.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to remand (Doc. No. 4) is DENIED.  SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   June 9, 2005
         Buffalo, New York